Cox v. Williamson.

COX v. WILLIAMSON.

1. Where a note is payable to an individual *eo nomine*, as the guardian of an infant, she may maintain an action thereon in her own name, or after her marriage in the name of herself and husband; but if suit is brought in the name of the ward, by the guardian and her husband, it is not allowable to declare in the name of the guardian, or of herself and husband—adding a count for money had and received to their use. If the note was intended to evidence a debt due to the ward, *quere*, could not the ward sue thereon by any guardian recognized by law?

2. *Quere?* Can a guardian appointed in one State, maintain an action in another State, for a cause in which the ward is interested.

Writ of Error to the County Court of Randolph.

THIS was an action at the suit of the ward by her guardians, Ann D. Williamson and Robert M. Williamson. The first count in the declaration is upon a note payable to Ann D. Bryan, guardian of the ward ; the second upon a note of the same date, and amount, payable to A. D. W. and R. M. W.; the third a common count for money had and received by the defendant, alledging a liability to the plaintiff. The general breach alledged is, the non-payment of the defendant, and the judgment upon the margin of the entry is entitled Robert M. Williamson against the defendant. It is alledged in the declaration, that A. D. Bryan, and R. M. W. intermarried, after the making of the note, and that letters of guardianship upon the person and estate of the ward, were

duly granted to R. M. W., by the inferior court of Scriven county, Georgia.

S. F. RICE, for the plaintiff in error, cited 5 Porter's Rep. 388; 1 Ala. Rep. 74, 468; 4 Ala. Rep. 571; 6 Ib. 889; Clay's Dig. 227, § 31; 271, § 20.

L. E. PARSONS, for the defendant in error.

COLLIER, C. J.—The note described in the first count of the declaration, being payable to Ann D. Bryan, guardian of the infant ward, entitled her, while she remained sole, to maintain an action thereon in her own name ; and after her marriage, a right of action continued in herslf and husband. Instead, however, of thus suing, the ward, by her guardians, is described as the plaintiff, both in the writ and commencement of the declaration ; but it is fairly inferrible from what follows the statement of the cause of action in the first, as well as in the succeeding counts, the guardians themselves are to be considered to be the plaintiffs.   Thus we see there is a departure from the designation of the plaintiff as made both in the writ and declaration which we have repeatedly held, is not permissible.

We are not to be understood as intimating, that because it is competent for the guardians to sue in their own names on the note, that therefore it is not allowable for the ward to maintain an action thereon.   If the note was intended to ev-idence a debt due the ward, we incline to the opinion, it is competent for her to sue thereon by any guardian recognised by the laws of this State ; but a declaration in such case should, perhaps, contain allegations appropriately showing, that A. D. Bryan, when the note was made, was the guardian as indicated upon its face, and was intended to be payable to her in that character.   The fact that the name of R. M. Wil-liamson is named on the margin of the entry, as the sole plaintiff in the judgment, if the previous part of the record were free from error, might in conformity to several of our decisions, be amended as a clerical misprision.   In the con-dition of this cause, we need not consider whether, or under what circumstances a guardian appointed in another State

may maintain an action here in respect to his ward's interest. [*See however*, Story's Confl. of Laws, 416-7.] For the incongruities noticed, the judgment is reversed, and the cause remanded, if the plaintiff desires it, that the inconsistencies may, if possible, be remedied.