# Hightower *v.* Maull *et al.*

### Action on Promissory Note, by Payee against Maker.

1. *Presumption as to meaning of " dollars " in note.* — A promissory note for the payment of " dollars," dated in January, 1865, is presumed to be payable in lawful money, and not in Confederate currency ; but this presumption may be rebutted, by proof of an agreement or understanding, express or implied, that it should be paid in Confederate currency.

2. *When guardian may sue in his own name.* — A guardian, appointed by a probate court in this State, in June, 1861, may sue in his own name on a promissory note made payable to him, and given for the hire of his ward's property.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. L. B. STRANGE.

This action was brought by " R. Hightower, guardian of C. B. Geddis, a lunatic," against W. H. Maull, B. R. Boland, and Miriam Evans ; was commenced on the 20th day of January, 1866, and was founded on the defendants' promissory note in these words : " January 2, 1865. On the 25th day of December, 1865, we promise to pay R. Hightower, guardian of C. B. Geddis, a lunatic, two hundred dollars ($200), for the hire of a negro man, a slave, as a farm laborer." The defendants pleaded " the general issue, in short by consent, with leave to give any special matter in evidence," and issue was joined on this plea.

[Hightower *v.* Maull.]

On the trial, as the bill of exceptions shows, it was admitted that the plaintiff's letters of guardianship were granted by the probate court of Russell county, in June, 1861 ; and that the judge then presiding in said court had been duly elected in 1858; and had held the office continuously from that time, without any other election or appointment. Evidence was introduced on the part of the defendants, tending to show that in January, 1865, negroes were hired only for Confederate money, and could have been hired for very little, if anything, in " greenbacks " or gold. Several exceptions were reserved by the plaintiff to the admissibility of the defendants' testimony on this point; but the opinion of the court renders it unnecessary to notice them.

The court charged the jury as follows : " 1. That the court would judicially know, unless the contrary was shown, that a promise to pay money, at the time said note bears date, was made with reference to Confederate money ; that Confederate money was illegal, and a promise to pay in Confederate money was also illegal; that they could not look to the note for the purpose of fixing the measure of the plaintiff's recovery, nor could they look to it as supporting his cause of.action ; that he could only recover, if at all, under the common counts, on proof of the value of the hire of the slave.

" 2. That the burden of proving the value of the hire of the slave was on the plaintiff ; and if he has not introduced such proof, the jury must find for the defendants.

" 3. That if the plaintiff was appointed guardian of said Geddis in June, 1861, by the probate court of Russell county, and the judge of said court was elected in 1858, and had never received any other appointment, but continued to hold said office from that time up to June, 1861, then the plaintiff's appointment as guardian was void, and they must find for the defendants."

The plaintiff excepted to these charges, and he now assigns them as error, together with the rulings of the court on the evidence.

G. D. & G. W. HOOPER, for appellant.

B. F. SAFFOLD, J. — The court charged the jury, that a promissory note, bearing the date of the one sued on in this case, would, unless the contrary was shown, be considered as payable in Confederate currency, and, consequently, would be deemed illegal and void. This charge is erroneous. The intendment of such a note is, that it is payable in lawful money, and the contrary must be proved. *Wilcoxen* v. *Reynolds*, 46 Ala. 529. It was not necessary that this presump-

[Amerson v. Montgomery and Mobile Railroad Co.]

tion should be overcome by proof of an express agreement to receive payment in some other currency. Proof that it was so understood between the parties is sufficient.

2. Whether the plaintiff is a legally appointed guardian or not is an immaterial inquiry in the case. The defendants cannot deny the character in which they contracted with him, on the grounds objected. The suit is in his own name, on a contract made with him, If he is guardian, he can maintain the action. *Cox* v. *Williamson*, 11 Ala. 343. If he is not, he would be held to be a trustee ; and as such, a sufficient interest in him is shown to entitle him to sue.

The judgment is reversed, and the cause remanded.